# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

ZACHARY V. PELOSI-DAHL,

    Plaintiff,

v.                                                      Case No. 3:24-cv-291-TJC-JBT

JULIE CREWS JOHNSON,

    Defendant.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Baker County Jail, initiated this case by filing a Civil Rights Complaint under 42 U.S.C. § 1983. Doc. 1. He also moves to proceed in forma pauperis. Doc. 2. Plaintiff names one Defendant – Assistant Public Defender Julie Crews Johnson. Doc. 1. He asserts that on November 1, 2023, Defendant was appointed to represent Plaintiff in a pending state court criminal prosecution. Doc. 1-1 at 1. Upon her appointment, Plaintiff advised Defendant he was innocent and asked that she investigate certain witnesses and exculpatory evidence, but she has failed to do so. Id. According to Plaintiff, Defendant also waived Plaintiff's speedy trial rights without his permission, failed to challenge the insufficient charging document, and failed to investigate Plaintiff's claims that individuals were attempting to kill Plaintiff while he is in custody. See id. at 1-4. Plaintiff contends Defendant's conduct has violated

his rights under the Fifth, Sixth, and Fourteenth Amendments. As relief, he seeks punitive damages. Doc. 1 at 4-5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b). As for whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). A complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[1]

Here, Plaintiff cannot pursue a § 1983 suit against Defendant for actions taken during her representation of Plaintiff. Indeed, "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk Cnty. v. Dodson, 454 U.S. 312, 325 (1981); Medina v. Minerva, 907 F. Supp. 379, 382 (M.D. Fla. 1995) ("[P]ublic defenders and their assistants generally do not act under color of state law when representing indigent defendants in criminal proceedings, and therefore cannot normally be sued in a section 1983 case for actions arising out of such representation.").

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Also, to the extent that Plaintiff seeks release from custody because he has been denied a speedy trial, that relief cannot be obtained through a § 1983 action. See Preiser v. Rodriguez, 411 U.S. 475. 487, 489 (1973). Rather, "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of [his] confinement and seeks immediate or speedier release[.]" Heck v. Humphrey, 512 U.S. 477, 481 (1994). Consequently, if Plaintiff wishes to challenge the state's delay in bringing him to trial, Plaintiff may file a habeas corpus petition under 28 U.S.C. § 2241 after he has exhausted his state court remedies. See Braden v. 30th Jud. Cir. Ct. of Ky., 410 U.S. 484, 488 (1973) (holding that state petitioner "is entitled to raise a speedy trial claim" before trial to force the state to bring him to trial); see also Witt v. Lee Cnty. Sheriff's Dep't, No. 2:15-cv-119-JES-CM, 2015 WL 859442, at *2 (M.D. Fla. Feb. 27, 2015) (holding that § 2241, not § 1983, provides the basis to pursue the plaintiff's claim that Florida officials violated his speedy trial rights). Finally, to the extent that Plaintiff seeks to challenge the conditions of his confinement, he may initiate a separate civil rights action. Thus, this case is due to be dismissed.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1.   This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of April, 2024.



TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

C:   Zachary V. Pelosi-Dahl, #23003810

5